**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL 5 OF NEW JERSEY PENSION & ANNUITY FUNDS, and RICHARD E. TOLSON,<br><br>Plaintiff,<br><br>v.<br><br>B & F MASON,<br><br>Defendant. | Civil Action No.: 12-57 (JLL)<br><br>OPINION |

This matter comes before the Court by way of Plaintiffs Bricklayers and Allied Craftworkers Local 5 of New Jersey Pension and Annuity Funds ("Plaintiff Funds") and Richard E. Tolson, a fiduciary of the Funds (collectively, "Plaintiffs")'s Motion for Default Judgment against Defendant B & F Mason ("Defendant"), pursuant to Fed. R. Civ. P. 55. [Docket Entry No. 6]. The Court has considered Plaintiffs' submissions and decides the motions on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, Plaintiffs' Motion is granted.

**I. BACKGROUND**

Plaintiffs bring this action to collect delinquent contributions owed to Plaintiff Funds on behalf of employees of B & F Mason pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, the common law of ERISA and the common law of the State of New Jersey. (Compl., ¶¶ 1, 11). Defendant and the Bricklayers and Allied Craftworkers Union Local 5 of New Jersey signed a collective bargaining agreement ("CBA") under which Defendant was required to make certain

contributions to Plaintiff Funds on behalf of its employees. (Id. ¶ 11). The CBA also obligated Defendant to abide by the terms of the Restated Agreement and Declaration of Trust ("Trust Agreement"). (Id. ¶ 12). The Trust Agreement set forth rules and regulations regarding the parties' participation in and administration of the Funds, and in accordance with Federal law and administrative regulations, required that fringe benefit contributions be made for all eligible participants on a timely basis. (Id.). Furthermore, the Trust Agreement, vests powers in the Trustees of said agreement to adopt a Delinquency Collections Policy which set forth the specific rules and fees related to fringe benefit contributions, penalties and interest to be applied in the event a contractor became delinquent. (Id. ¶ 13).

Plaintiffs' Complaint alleges that Defendant failed to remit the required contributions to Plaintiff Funds for the benefit of its employees, and Defendant is therefore delinquent in its obligations pursuant to the CBA. (Id. ¶ 14). Plaintiffs assert that Plaintiff Funds have demanded on numerous occasions that Defendant pay the delinquencies, but Defendant has thus far refused to submit the required payments. (Id. ¶ 15).

Plaintiffs filed their Complaint in this Court on January 4, 2012. [Docket Entry No. 1]. Defendant failed to timely file an answer to said Complaint or otherwise move for additional time to answer, and on May 8, 2012, Plaintiffs filed a Motion for Default Judgment. [Docket Entry No. 6]. As of this date, Plaintiffs calculate the amount owed by Defendant at $41, 544.00, consisting of total contributions owed, interest on delinquent contributions, and liquidated damages. (Pls. Mot., Aff. of Kevin Jarvis ("Jarvis Aff."), ¶ 6). Plaintiffs also seek attorneys' fees from Defendant in the amount of $499.00 and expenses in the amount of $361.25, totaling $860.25. (Id. ¶ 10). Therefore, the total judgment sought by Plaintiffs in the instant Motion is $42, 404.25. (Id. ¶ 12; see also Pls. Mot., Exs. D, E).

## II. LEGAL STANDARD

Default judgment is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). The consequence of the entry of default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Entry of a default judgment is left primarily to the discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984)(citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)).

Before imposing a default judgment, district courts must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Brady, 250 F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment.")). If the damages are not for a sum certain, or for a sum which can by computation be made certain, the "court may conduct such hearings or order such references as it deems necessary and proper." Comdyne I, 908 F.2d at 1149 (citing Fed. R. Civ. P. 55(a) and (b)).

When a court grants judgment in an ERISA action in favor of a fiduciary for or on behalf of a plan to enforce § 515 of that statute, it required to award the plan any unpaid contributions,

interest on the unpaid contributions, the greater of said interest or liquidated damages provided for under the plan in an amount not to exceed 20 percent of the amount determined by the court as unpaid contributions, reasonable attorney's fees and costs of the action to be paid by the defendant, and any other legal or equitable relief the court deems appropriate. See 29 U.S.C. 1132(g)(2).

### III. DISCUSSION

Since Defendant has not filed an answer to Plaintiffs' Complaint, Defendant is "deemed to have admitted all the allegations in the complaint." Lansford-Coaldale Joint Water Auth. v. Tonolli Corp., 4 F.3d 1209, 1226 (3d Cir. 1993); see Fed R. Civ. P. 8(b)(6)("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Accepting Plaintiffs' allegations as true, Defendant has failed to timely make contributions on behalf of its employees.

Section 406(a)(1)(B) establishes per se prohibitions on fiduciaries with respect to a plan preventing them from "caus[ing] the plan to engage in a transaction, if [they] know[] or should know that such transaction constitutes a direct or indirect . . . lending of money or other extension of credit between the plan and a party of interest." 29 U.S.C. § 1106(a)(1)(B); see also 29 U.S.c. § 1106(b); Jordan v. Michigan Conference of Teamsters Welfare Fund, 207 F.3d 854, 858 (6th Cir. 2000). Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. The Third Circuit has interpreted § 515 as precluding employers from raising a variety of contract defenses as a means of avoiding the obligation to contribute to employee


benefit plans. See Agathos v. Starlite Motel, 977 F.2d 1500, 1505 (3d Cir. 1992). Three defenses that it has recognized include: (1) that the pension contributions are themselves illegal; (2) the collective bargaining agreement is void ab initio due to fraud in the execution; and (3) the employees voted to decertify the union as its bargaining representative, thus prospectively voiding the unions collective bargaining agreement. Id. (citing Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 86-88 (1982); Southwest Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 773 (9th Cir. 1986); Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 316 (2d Cir. 1990); Sheet Metal Workers' Int'l Ass'n, Local 206 v. West Coast Sheet Metal Co., 954 F.2d 1506, 1509-10 (9th Cir. 1992); see also Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc., 85 F.3d 1098, 1106 (3d Cir. 1996).

Based on the facts asserted in the Complaint and absent Defendant's responsive pleading, it does not appear that defenses to §§ 406(a)(1)(B) and 515 are available to Defendant. Further, the Court finds that Plaintiffs will suffer prejudice if the Court does not enter default judgment as they have no other means of vindicating their claims against Defendant, who has not responded, submitted any meritorious defenses, or otherwise offered any excusable reasons for their default. See, e.g. Int'l Union of Painters v. Rebock Corp., 2011 U.S. Dist. LEXIS 13043, at * 3-4 (D.N.J. Feb. 10, 2011); Peterson v. Boyarsky Corp., 2009 U.S. Dist. LEXIS 30967, at * 4 (D.N.J. Apr. 8, 2009). In terms of harm, Plaintiffs have also set forth the expenses owed by Defendant, including interest and liquidated damages determined pursuant to the terms of the documents and instruments governing the funds, and have provided documentation supporting their claim for attorneys' fees and costs, for a total of $42, 404.25. See Trucking Emples. of N. Jersey Welfare Fund, Inc. v. M.J. Paquet, Inc., 2009 U.S. Dist. LEXIS 41108, at *3-4 (D.N.J. May 14, 2009) (damages may be established without further proof if liquidated or discernible by computation).

Finally, as to the culpability of the Party subject to default, the facts accepted as true support the conclusion that the Defendant failed to remit the required contributions to the Fund, despite being demanded by Plaintiffs on numerous occasions. (See Compl., ¶ 14). .

### IV. CONCLUSION

The Court finds that Plaintiffs provided the appropriate documentation supporting their claim for attorneys' fees and costs, for a total of $42, 404.25. For that reason and for the reasons set forth above, Plaintiffs are entitled to judgment in their favor on all the claims and damages set forth in their Complaint and their Motion for Default Judgment is GRANTED. An appropriate order accompanies this Opinion.

DATED: June 4, 2012

_____
Jose L. Linares
United States District Judge